IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| Respondent | ) |
| | ) |
| v. | ) **Criminal No. 04-109** |
| | ) |
| **KEVIN L. GRAY**, | ) |
| Petitioner | |

## MEMORANDUM OPINION

**I.    INTRODUCTION**

Before the Court is the petitioner Kevin L. Gray's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Document No. 277), accompanied by his Memorandum of Law in Support of Motion Pursuant to 28 U.S.C. §2255. After careful consideration of petitioner's motion and memorandum and the government's response thereto, and the entire record in the case, including notes of testimony from the sentencing hearing and the decision of the United States Court of Appeals for the Third Circuit, the Court will deny petitioner's motion for relief pursuant to 28 U.S.C. §2255.

**II.    BACKGROUND**

On September 20, 2004, a federal grand jury sitting in the Western District of Pennsylvania returned a superseding indictment charging Kevin L. Gray, Terrance L. Cole, and Quincy L. Jones with conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 and 846.

On March 15, 2005, the jury convicted the petitioner of the lesser included offense of conspiracy to distribute and possess with intent to distribute at least 500 grams, but less than 5

1

kilograms, of cocaine.

Petitioner's counsel, Joseph K. Williams III, filed multiple objections to the Presentence Investigation Report ("PSR") (Document No. 136) on May 31, 2005, in which he raised the following issues: objection to PSR conclusion that defendant was involved in distribution of at least 3.5 kilograms of cocaine, reduction for acceptance of responsibility pursuant to U.S.S.G. §3E1.1, eligibility for minor role reduction pursuant to U.S.S.G. §3B1.2, and eligibility for a downward departure pursuant to U.S.S.G. §5C1.2.

At the sentencing hearing on June 27, 2005, counsel again challenged the amount of cocaine for which Gray was to be held responsible, and argued that various downward adjustments to the Sentencing Guidelines should be applied, including minor role, acceptance of responsibility, and safety valve.

District Judge Thomas M. Hardiman overruled the Defendant's objections and stated his findings on the record.[1] The Court concluded that the Defendant's involvement with the distribution of at least 3.5 kilograms was easily supported by a preponderance of the evidence. Judge Hardiman noted Garry Smith's testimony in which he stated that Tommy Gilliam and Gray "were repeatedly involved in kilo deals." (Sentencing Transcript ("S.T"), June 27, 2008 (Document No. 183) at 6). Also, the Court referenced Gilliam's testimony "that Mr. Gilliam had conducted drug transactions at Mr. Gray's house more than 50 times and that Mr. Gray usually obtained between one and five kilograms at a time." (S.T. at 7).

Judge Hardiman also stated his findings in support of the denial of the downward departures.

---

[1] Judge Thomas M. Hardiman was elevated to the Court of Appeals for the Third Circuit and Judge Arthur J. Schwab has been assigned.

The Court declined to grant a reduction for acceptance of responsibility under U.S.S.G. §3E1.1 because it would "be contrary to Application Note number 2." (S.T. at 8) (*See* U.S.S.G. §3E1.1, Application Note 2). The Defendant was not a candidate for this departure because he had put the Government to its burden of proof, "went to trial and argued that he was not guilty." (S.T. at 8).

The Court found that U.S.S.G. §3B1.2 was not available to the Defendant upon review of Note 3(B). The Note essentially provides that a Defendant who has been convicted of an offense significantly less serious than warranted by his actual criminal conduct should not ordinarily receive a reduction because such a Defendant is not substantially less culpable than any defendant whose conduct involved the less serious offense. *See* U.S.S.G §3B1.2, Application Note 3(B). The Defendant was disqualified from application of the acceptance of responsibility provision because "he was convicted of the much lesser offense of distribution between 500 grams and five kilograms, and there is no evidence to suggest that his role in these transactions was any less serious than that of the average defendant convicted of distributing these quantities." (S.T. at 10).

As to the Defendant's final argument that he was eligible for a downward departure pursuant to U.S.S.G §5C1.2, the Court accepted the Government's representation that the Defendant had yet to "truthfully provide to the Court all information and evidence the Defendant has concerning the offense or offenses that were part of the same course of conduct" as required by §5C1.2(a)(5). (S.T. at 10).

Before passing sentence, the Court noted that the Guidelines were advisory under *United States v. Booker*, 543 U.S. 220 (2005). The Court determined that there was sufficient evidence to conclude the amount of cocaine attributable to Gray was between 3.5 and 5 kilograms, which resulted in a Guidelines offense level of 30, and a sentencing range of 97-121 months in prison. The

Court applied the bottom of the range, sentencing the Defendant to 97 months of imprisonment, to be followed by a five-year term of supervised release.

In his appeal, filed by new counsel on June 29, 2005, petitioner claimed that the District Court erred in calculating his sentence under the Guidelines. The Court of Appeals for the Third Circuit referred to the two-step inquiry the District Court must make when sentencing a Defendant:

> First, the Court must correctly calculate the defendant's recommended sentence under the Guidelines, applying a preponderance of the evidence standard to the determination of sentencing fact. Next, the Court must decide whether the Guidelines sentence comports with the other facts set forth in 18 U.S.C. §3553(a), and thus determine whether to follow the Guidelines recommendation.

*United States v. Gray*, 176 Fed. Appx. 315, 316 (3d Cir. 2006) (citing *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006)). The Court of Appeals reviews the resulting sentence for reasonableness and accepts the District Court's determination of sentencing facts unless it is clearly erroneous. *Gray*, 176 Fed. Appx. at 316 (citing *United States v. Booker*, 543 U.S. 220, 261 (2005); *United States v. Irvin*, 369 F.3d 284, 286 n.2 (3d Cir. 2001)).

In reviewing the testimony of the case, the Court of Appeals determined that there was "no doubt that the District Court's determination of drug quantity was not clearly erroneous." *Id*. at 317. In reaching this conclusion, the Court cited Gilliam's testimony "about specific occasions when he sold Gray two kilograms of Cole's cocaine and Smith sold Gray about 1.25 kilograms" and his statement that "he sold 'one or two' kilograms of Cole's cocaine to Gray 'over 50 times.'" *Id*.

The sentence was affirmed on May 12, 2006.

### III. MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO SECTION 2255

Petitioner filed this timely motion for relief under section 2255 alleging ineffective assistance of counsel and challenging the sentence for reasonableness, and the government filed its response. Petitioner raises two specific claims of ineffective assistance of trial counsel in his motion: A. "Counsel failed to require that the jury find the specific drug amount for which he was to be held accountable rather than leaving it up to the Court to be found by a preponderance of the evidence."; and B. "Failed to argue for a non-guideline sentence pursuant to the High Court's decision in *United States v. Booker.*"

Petitioner also raises five specific claims of ineffective assistance of appellate counsel in his motion: A. "Counsel failed to argue that the District Court violated petitioner's Sixth Amendment right in holding responsible for drug amounts that were not found by a jury or proven beyond a reasonable doubt."; B. "Failed to argue that the sentence imposed by the District Court was unreasonable."; C. "Failed to challenge the District Court's denial of a sentence reduction for acceptance of responsibility pursuant to U.S.S.G. §3E1.1."; D. "Failed to challenge the District Court's denial of a minor role reduction pursuant to U.S.S.G §3B1.2."; and E. "Failed to challenge the District Court's denial of a downward departure pursuant to U.S.S.G. §5C1.2."

In petitioner's final claim he alleges that "The Guidelines sentence imposed by the District Court was unreasonable." Petitioner states that he raises the issue in order to "preserve it for future litigation since the United States Supreme Court is considering the issue of reasonableness in the case of *Rita v. United States*, No. 06-5754, cert. granted (Nov. 3, 2006)." (*Rita v. United States*, 127 S.Ct. 2456 (2007), has since been decided (holding that a within-guideline sentence may be

5

presumed reasonable on appeal)).

IV. **DISCUSSION**

A. **Standard of Review**

28 U.S.C. §2255 provides, in relevant part:

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

When a motion is made under 28 U.S.C. §2255 the question of whether to conduct a hearing is within the sound discretion of the district court. In exercising that discretion, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record. Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992) (quoting *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)).

In order to successfully demonstrate that one's counsel was ineffective, a petitioner must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and (2) the errors of counsel prejudiced the defense. *Strickland v. Washington*, 466 U.S. 688, 687-688, 691-692 (1984).

The first prong of this test requires that the defendant show that counsel's performance was

6

in fact deficient. *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). A court "deciding an actual ineffectiveness claim must judge the reasonableness of the counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. Counsel's conduct presumptively "falls within the wide range of reasonable professional assistance," and the Defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689-90.

*Strickland* also requires the Defendant show that the deficient performance so prejudiced the defense as to raise doubt as to the accuracy of the outcome of the trial or sentence. In other words, a petitioner must demonstrate a reasonable probability that, but for the counsel's deficiency, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 687, 692. "A 'reasonable probability' is a probability 'sufficient to undermine confidence in the outcome.'" *Strickland*, 466 U.S. at 694.

The *Strickland* analysis applies to the performance of both trial and appellate counsel. *Diggs v. Owens*, 833 F.2d 439, 444-45 (3d Cir. 1987). The test for prejudice in the appellate context is not whether petitioner would likely prevail upon remand, but whether the sentence judgment would likely have been reversed and remanded if the issue had been raised on direct appeal. *United States v. Mannino*, 212 F.3d 835, 847 (3d Cir. 2000) (quoting *Government of Virgin Islands v. Forte*, 865 F.2d 59, 64-65 (3d Cir. 1989); *Barnett v. Hargett*, 174 F.3d 1128, 1135 (10th Cir. 1999) (prejudice resulting from appellate counsel's omission of issue on appeal established where inclusion of issue "probably would have resulted in reversal"); *McKee v. United States*, 167 F.3d 103, 108 (2d Cir. 1999) (had counsel made proper challenge on direct appeal, petitioner would have been granted a new trial)).

To show that appellate counsel was deficient or unreasonable a defendant must do more than show that counsel failed to raise every non-frivolous issue. Appellate counsel is under no obligation to raise all issues, but may select from among them so as to maximize the likelihood of a successful appeal. *Smith v. Robbins*, 528 U.S. 259, 288 (2000). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance be overcome." *Smith*, 528 U.S. at 288. (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). To establish prejudice on a claim for ineffective assistance of counsel, the Defendant must show that "there is a reasonable probability that the result of the appeal would have been different had counsel's stewardship not fallen below the required standard." *Mannino*, 212 F.3d at 845.

### B. Ineffective Assistance of Trial Counsel

#### 1. Failure to Require That the Jury Find Drug Quantity

Petitioner first argues that trial counsel was ineffective for failing to require that the jury find the drug quantity for which he was to be held accountable, rather than leaving it to the Court to be found by a preponderance of the evidence. Petitioner's claim ignores authority instructing that in post-*Booker* cases, the quantity of drugs for which the Defendant is to be held accountable remains an issue for the sentencing court to be determined by a preponderance of the evidence.

In *United States v. Booker*, the Supreme Court held that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the Defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. The remedy fashioned by the Court was *not* a requirement that sentencing facts be found beyond a reasonable doubt by a jury. Rather, the Court remedied the constitutional violation by making the Guidelines advisory. *Id.* at 259.

Additionally, the Court stated that the finder of drug quantity remains the judge and not the jury: "A system that would require the jury, not the judge, to make the additional drug quantity finding is a system in which the prosecutor, not the judge, would control the sentence because it is the prosecutor who would have to decide what drug amount to charge." *Id.* at 257.

The district courts may fact-find to increase sentences beyond the Guidelines range provided they take into account relevant sentencing factors listed in 18 U.S.C. §3553(a), are within the statutory minimum and maximum dictated by the United States Code, and are ultimately "reasonable." *United States v. Gunter*, 462 F.3d 237, 243-44 (3d Cir. 2006). Facts that are pertinent for an application of the Sentencing Guidelines are to be found by the district court by a preponderance of the evidence. *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006).

Furthermore, counsel did in fact challenge the drug quantity finding of the PSR in the Defendant's Objections to the Presentence Report, (Document No. 136), and objected to the finding at the sentencing hearing. In Defendant's Objections to the Presentence Report, paragraph 13, counsel challenged the drug quantity of 3.5 to less than 5 kilograms as "speculative" and "arbitrary," and not accurately reflecting the jury's determination.

> This Court rejected this argument at sentencing, correctly finding that while it was
>
> bound by the jury's determination beyond a reasonable doubt that the Defendant was involved with the distribution of more than 500 grams and less than five kilograms of cocaine . . . so long as the Court remains within the range established by the jury, it can and make must its own independent determination of the quantity of cocaine connected to the Defendant based on the preponderance of the evidence. (S.T. at 6).

This Court cited *United States v. Swinton*, 333 F.3d 481 (3d Cir. 2003) and *United States v. Sanders*, 247 F.3d 139 (3d Cir. 2001) as precedent for this finding (S.T. at 6).

In *Swinton*, the §2255 petitioner claimed that his rights to due process and a jury trial were

violated because the jury was instructed that the Government need not prove the quantity and identity of the drugs involved in his case. *Swinton*, 333 F.3d at 483. The petitioner's claim referred to the ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and consequently the Court of Appeals for the Third Circuit was required to determine whether *Apprendi* applied retroactively.

The Court stated that prior to *Apprendi* it was "the general understanding of the federal courts that drug quantity was a sentencing factor to be determined by the judge based on a preponderance of the evidence." *Id*. at 489. The *Apprendi* rule was "new" to the extent that it discontinued the courts of appeals from affirming sentences that were *greater than* the otherwise applicable maximum sentence based on drug quantity not charged in the indictment, submitted to the jury, and proved beyond a reasonable doubt. *Id*. at 489-90. The Court decided that *Apprendi* is a "new rule" subject to the general rule of non-retroactivity. Because *Apprendi* had not been decided at the time Swinton's conviction became final, the Court held that the rule announced would not apply retroactively on collateral review. *Id.* at 491.

In *Sanders*, the petitioner filed for collateral relief under 28 U.S.C. §2255, alleging that his original sentence violated his Fifth Amendment right to due process because the district court did not apply the "beyond a reasonable doubt" standard in determining the type and quantity of the drugs in question. *Sanders*, 247 F.3d at 142. The Court of Appeals for the Third Circuit stated that "*Apprendi* merely applies to the subsection of criminal defendants whose maximum punishment may be increased by a sentencing factor. If a defendant's sentence is within the statutory limits, i.e, - below the maximum sentence, then *Apprendi* would not apply." *Id*. at 150 (*See Apprendi*, 120 U.S. at 2358). The drug quantity remains a sentencing factor for a judge to determine based on a preponderance of the evidence provided the finding does not have the effect of increasing the

maximum punishment established by the jury.

As authority confirms that the drug quantity is a determination to be made by the sentencing court, and not the jury, and considering counsel's objections to the drug quantity determination before and at sentencing, this specific ineffective assistance of counsel claim is meritless and counsel was not unreasonable for failing to raise the issue.

### 2. Failure to Argue for a Non-Guideline Sentence

Petitioner next argues that trial counsel was ineffective for failing to argue for a non-guideline sentence pursuant to *Booker*. This contention is contrary to the record, as counsel did in fact present arguments in writing before sentencing and again at sentencing why the Court should grant several downward departures. Specifically, counsel argued for reduction for acceptance of responsibility, minor role, and the safety valve provision.

After the Court preliminarily reviewed and denied the Defendant's Objections to the Presentence Report, counsel argued once more why downward departures were warranted. Counsel stated, "I think that the Court has admitted that my client will be eligible for the first four tiers of the safety valve provision" and that his client was "prepared to make testimony with the fifth one." (S.T. at 12). As to the acceptance of responsibility departure, counsel maintained that a two point reduction was necessary: "So I do believe we should have received the two-point reduction for that…" (S.T. at 14). Counsel went on to make an argument that the petitioner deserved a reduction for minor role: "the defense believes that he did have a minor role." (S.T. at 14).

Counsel also argued sentencing factors under 18 U.S.C. §3553(a), including that the petitioner's upbringing and family life should be considered in determining his sentence. Counsel stated that during the sentencing the petitioner's family was present and "would hope that the Court

11

would be sensitive to that so that some of the same problems which Mr. Gray had as a result of not having had a father or mother wouldn't affect his children. I think you remember by the age of nine Mr. Gray did not have a mother or a father and that his grandmother died. I think that's had a profound effect on Mr. Gray." (S.T. at 26).

Considering that counsel did in fact argue that his client deserved several downward departures and requested that the Court recognize the petitioner's family background, and taking into account that this Court expressly noted the non-mandatory nature of the Guidelines after *Booker*, (*See* S.T. at 11), and the §3553(a) factors, there is no factual basis for Gray's ineffective assistance of counsel claim. The petitioner is unable to demonstrate that trial counsel was deficient, much less that there is a reasonable probability that but for the counsel's deficiency the outcome of the proceeding would have been different.

### C. Ineffective Assistance of Appellate Counsel

#### 1. Failure to Argue District Court Violated Petitioner's Sixth Amendment Right

Petitioner maintains that appellate counsel was ineffective for failing to argue that the District Court violated the petitioner's Sixth Amendment right by making the determination of the amount of drugs rather than delegating this finding to a jury to be decided by proof beyond a reasonable doubt.[2] Counsel did not act unreasonably in failing to assert this claim because the allegation is contrary to authority.

Individuals have a right pursuant to the Fifth and Sixth Amendment to demand that every

---

[2] Petitioner's Sixth Amendment argument is a variation of his claim of ineffective assistance of counsel in failing to require a jury make the finding of drug quantity (*See* B1), made in the context of appellate counsel.

element of the alleged crime be submitted to a jury and proved beyond a reasonable doubt before a sentence is imposed. *United States v. Grier*, 475 F.3d 556, 562 (3d Cir. 2007). In *Apprendi*, it was determined that facts constituting "the elements of the crime" are those which *increase* the maximum punishment to which the defendant is exposed. *Apprendi*, 530 U.S. at 490.

In the context of sentencing, the relevant inquiry is whether the required findings expose the defendant to a greater punishment than that authorized by the jury's guilty verdict. Sixth Amendment rights attach only when the facts at issue have the effect of increasing the maximum punishment to which the defendant is exposed.

"Judicial fact-finding in the course of selecting a sentence within the permissible range does not offend the Fifth and Sixth Amendment rights to a jury trial and proof beyond a reasonable doubt." *Grier*, 475 F.3d at 562. Where the facts relevant to the application of the Guidelines do not have the effect of increasing the maximum punishment to which the defendant is exposed but rather informs the District Court of its discretion, the facts are not treated as elements of crime under *Apprendi* rationale. *Id.* at 565. Consequently, the Sixth Amendment rights to a jury trial and due process right to trial beyond a reasonable doubt are not implicated.

Petitioner's appellate counsel was not "deficient" in disregarding this argument because it would not have prevailed on appeal. It was within counsel's discretion to select from among the possible issues so as to increase the likelihood of a successful appeal. It was not unreasonable to pursue the more significant and obvious issue on appeal as opposed to the frivolous arguments that petitioner now advances. *See e.g,, Smith*, 528 U.S. at 288. Also, the petitioner has not shown any prejudice resulting from counsel's conduct. This claim for ineffective assistance of appellate counsel on this ground must fail because the petitioner has failed to meet both prongs of the *Strickland*

analysis.

## 2. Failure to Argue that Sentence Imposed was Unreasonable

Petitioner also claims that appellate counsel was ineffective for failing to argue that the sentence imposed by the District Court was unreasonable.

The Court of Appeals decided this issue against the Defendant in his direct appeal, and that decision is, therefore, the law of the case. The law of the case doctrine generally forbids one panel of an appellate court from reconsidering questions that another panel decided on a prior appeal in the same case. *In Re City of Philadelphia Litigation*, 158 F.3d 711, 717 (3d Cir. 1998). Where an issue was expressly or by implication actually decided in a prior appeal, the Court may reconsider the issue only in extraordinary circumstances, such as where (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice. *Public Interest Research Group of N.J. Inc. v. Magnesium Elektron, Inc.,* 123 F.3d 111, 117 (3d Cir. 1997). Because the petitioner does not fall within any of these exceptions, this Court will not entertain this issue again.

Furthermore, petitioner's assertion is illusory as he fails to articulate what exactly about his sentence was unreasonable. Considering that counsel did argue that this Court erred in calculating the drug quantity, and the Court of Appeals reviewed the petitioner's resulting sentence for reasonableness, petitioner's claim is unfounded. Consequently, the petitioner has not demonstrated that counsel was "deficient," nor has he shown a reasonable probability that but for counsel's error, the result of the proceeding would have been different.

### 3 – 5. Failure to Challenge the District Court's Refusal to Depart From the Guidelines

In petitioner's final three specific claims of ineffective assistance of appellate counsel, he challenges counsel's failure to appeal the District Court's refusal to depart from the Guidelines. Specifically, Gray disputes appellate counsel's failure to address the application of acceptance of responsibility pursuant to U.S.S.G. §3E1.1, minor role reduction pursuant to U.S.S.G. §3B1.2, and use of the safety valve provision pursuant to U.S.S.G. §5C1.2. This Court determines that appellate counsel was not ineffective in failing to argue these issues as such claims would have inevitably been unsuccessful.

Appellate counsel was not unreasonable in failing to address the denial of the acceptance of responsibility provision considering it is contrary to application of the statute, and the claim ignores the requirement of a motion by the Government.

U.S.S.G. §3E1.1, Application Note 2 states: "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a Defendant from consideration for such a reduction."

In the absence of a Government motion stating that the Defendant has timely notified the authorities of an intent to plead guilty, resulting in the conservation of prosecutorial resources, the District Court has no authority to grant an adjustment. (*See* U.S.S.G. 3E1.1(b), providing "upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea

guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.")

The petitioner went to trial, argued that he was not guilty, and did not concede he was guilty of the lesser included offense for which he was convicted. The Government did not file a motion, and this Court did not have the authority to grant an adjustment for acceptance of responsibility. For these reasons, appellate counsel was not unreasonable in failing to raise this futile argument on appeal. Also, the petitioner has not shown that had counsel disputed this Court's denial of acceptance of responsibility on appeal, the outcome of the proceeding would have been different. Having failed the *Strickland* test, this claim must fail.

Appellate counsel also did not fall below the standard of reasonableness when failing to challenge the District Court's denial of a minor role reduction pursuant to U.S.S.G. §3B1.2 as such an argument would be unsuccessful upon the Court of Appeal's review of the Application Note 3(B) to §3B1.2.

Application Note 3(B) provides that "If a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction under this section ordinarily is not warranted because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense." The Court in *United States v. Romualdi* stated that "a contrary rule would permit a defendant to claim he played a minimal part in a more serious offense in order to obtain a reduction under U.S.S.G. §3B1.2, even though the more serious offense was not taken into account in setting the initial base offense level." *United States v. Romualdi*, 101 F.3d 971, 976 (3d Cir. 1996).

The sentencing Court properly noted "it may well be that the Defendant played a very minor

role in the distribution of the alleged two tons of cocaine. However, he was convicted of the much lesser offense of distributing between 500 grams and five kilograms, and there is no evidence to suggest that his role in these transactions was any less serious than that of the average Defendant convicted of distributing these quantities." (S.T. at 10).

Counsel was not unreasonable in ignoring this issue as it is clearly meritless, and the Court of Appeals would surely have left this Court's decision as to the downward departure "undisturbed." *See United States v. Isaza – Zapata*, 148 F.3d 236, 238 (3d Cir. 1998). Petitioner cannot establish any likelihood of success on appeal and this claim must fail because it cannot meet both of the prongs articulated in *Strickland*.

Lastly, petitioner argues that counsel's failure to challenge the District Court's denial of a downward departure pursuant to U.S.S.G §5C1.2 constitutes ineffective assistance of counsel.

U.S.S.G. §5C1.2(a)(5) provides that "not later than the time of the sentence hearing, the Defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the Defendant has no relevant or useful other information to provide or that the government is already aware of the information shall not preclude a determination by the court that the Defendant has complied with this requirement."

During sentencing, this Court correctly noted that, according to the Government, the Defendant had yet to truthfully provide all information and evidence the Defendant had concerning the offenses. Under these facts, petitioner was ineligible for a safety valve reduction, and appellate counsel was not unreasonable in failing to raise this frivolous issue on appeal. *See United States v. Warren*, 338 F.3d 258 (3d Cir. 2003) (holding Defendant may not stay quiet and still qualify for the

safety valve).

### D. Unreasonableness of Sentence Imposed

In the petitioner's third and final ground for relief he claims that the sentence imposed by this Court was unreasonable. Gray claims to have raised this matter in order to preserve the grounds for future litigation, awaiting the Supreme Court's decision in *Rita v. United States,* ___ U.S. ___, 127 S.Ct. 2456 (2007).

In *Rita*, the Court decided that a within-guideline sentence may be presumed reasonable on appeal. The Court stated that "by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one." *Id.* at 2463. The reasonableness presumption of the courts of appeals "recognizes the real-world circumstance that when the judge's discretionary decision accords with the Commissioner's view of the appropriate application of §3553(a) in the mine run of cases, it is probable that the sentence is reasonable." *Id* at 2465.

To decide the issue of the sentence's reasonableness again would be contrary to the law of the case doctrine. Additionally, for purposes of the petitioner's argument, the rule announced in *Rita* does not constitute a "supervening" law. (*See supra* C2). Instead, the *Rita* confirms the Court of Appeal's review of this Court's calculation of the sentence for reasonableness and, pursuant to *Rita,* the sentence within the Guidelines was presumptively reasonable.

For all the foregoing reasons, this Court will deny petitioner's motion for relief under 28 U.S.C. §2255. An appropriate order will be entered.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: all counsel of record

Kevin L. Gray
USM #04485-748
Federal Correctional Institution
Post Office Box 1000
Loretto Pennsylvania 15940